On the Merits.
[2] The plaintiff is a wholesale dealer in malt liquors containing less than 2 per cent, of alcohol in the parish of Tangipahoa, where the sale of intoxicating liquors is prohibited. The annual gross sales by the plaintiff are less than $5,000. On paying the sum of $50 to the sheriff and ex officio tax collector, the plaintiff demanded a license to conduct its business. The tax collector declined to issue the license until the plaintiff, should make an affidavit as to the amount of its annual business, and he gave the plaintiff a blank form of the affidavit to be filled out and signed by the proper representative of the plaintiff company. When this requirement was complied with, the tax collector had reconsidered the matter, and he refused to issue the license because the parish of Tangipahoa had, by a vote of the people, refused to license the sale of intoxicating liquors, and because the police jury had not licensed the sale of malt liquors containing less than 2 per cent, of alcohol.
The plaintiff proceeded by rule directing the tax collector to show cause why the license should not issue. The only defense made by the respondent in his answer is:.
*204 “That the purpose of Act 178 of 1912 was to levy a license on such liquors in parishes where all kinds of liquors are sold by authority of the law, and to levy a license in prohibition parishes where the governing body of the parish authorizes or levies such license.”
The allegations of fact contained in the petition, which are stated above, are admitted in the answer to the rule.
On the trial of the case, it was proven by the plaintiff, and was not disputed by the defendant, that the malt liquor in which the plaintiff deals, containing less than 2 per cent, of alcohol, is a nonintoxieating beverage.
The district court tendered judgment in favor of the plaintiff, making the rule absolute and ordering the tax collector to issue the license for the sale of malt liquors containing less than 2 per cent, of alcohol. The defendant has appealed.
The defense seems to be based upon the theory that all malt beverages are intoxicating. This court decided in at least two recent cases that the question whether certain malt beverages, such as “near beer” and “hiawatha” are intoxicating is a question of fact to be determined by the jury or trial judge, in each case. In the case of State v. Maroun, 128 La. 829, 55 South. 472, it was said that the term, “malt liquors,” as used in a statute defining “grog or tippling shops,” in prohibition districts, must be construed as including only the malt liquors which are intoxicating, and that the intent of the Legislature to penalize the sale of nonintoxicating beverages will not be presumed, where no such intent is expressed in the title of the statute. And, in the case of City of Shreveport v. Smith, 130 La. 126, 57 South. 652, and in another case of the same title at page 132, it was decided that article 229 of the Constitution, which declares that a municipality cannot fix the license for retailing spirituous or malt liquors lower than is fixed by -the state, applies only to malt liquors which are or may be capable of producing intoxication when used as a beverage.
In the case last cited, this court expressed its unwillingness to rule judicially that malt liquors are intoxicating unless they be so declared by statute. Section 4 of the statute in question declares plainly that malt liquors containing less than 2 per cent, of alcohol are not to be regarded as intoxicating liquor, viz.:
“The provisions of this act shall not be construed as conflicting with the present law touching' the sale of intoxicating malt liquors and shall have application exclusively to malt liquors containing less than two per cent alcohol.”
Section 3 of Act No. 178 of 1912 expresses the intention to require the tax collector to issue this state license without regard to whether the parochial or municipal authorities license the sale of malt liquors containing less than 2 per cent, of alcohol. It provides:
“That whosoever shall sell at wholesale or retail any malt liquors containing less than two per cent alcohol without first obtaining the license herein provided, or without first obtaining the license which may be imposed by any municipal or parochial authority for the sale of malt liquors containing less than two per cent alcohol, shall be guilty of a misdemeanor,” etc.
For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.